IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS --
HOUSTON DIVISION

| | | |
|---|---|---|
| AUBREE FELDMANN, | § | |
| | § | CIVIL ACTION NO. 4:13-cv-1127 |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| ATLAS COMMODITIES, LLC, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Aubree Feldmann ("Plaintiff") files this Original Complaint to recover unpaid overtime wages from Atlas Commodities, LLC ("Defendant"), and shows the Court as follows:

### INTRODUCTION

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Defendant failed to pay Plaintiff at the FLSA's premium overtime rate for each hour worked in excess of 40 per work week. Specifically, Defendant misclassified Plaintiff as an exempt employee for purposes of avoiding its pay obligations under the FLSA's overtime pay provisions, and/or otherwise refused to pay Plaintiff the overtime she is due. Consequently, Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

3. Therefore, Plaintiff brings this action individually and on behalf of all others similarly situated, to recover unpaid wages under § 216(b) of the FLSA.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the acts and conduct charged herein occurred in this district. Furthermore, Defendant's corporate office is located in Houston.

## THE PARTIES & PERSONAL JURISDICTION

6. Plaintiff, Aubree Feldmann, is an individual residing in Harris County, Texas. Plaintiff's written consent to participate in this lawsuit is attached as "Exhibit A."

7. Defendant Atlas Commodities, LLC is a Texas corporation duly licensed to conduct business in this state for a profit. Said Defendant can be served through its attorney, Jeffrey Wheelock, Dickinson & Wheelock, 7660 Woodway Drive, Suite 460, Houston, Texas 77063.

## FLSA COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise in commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

10. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

11. At all material times, Plaintiff was an individual employee who engaged in commerce as required by 29 USC § 206-207.

### FACTS

12. Defendant is, among other things, an energy brokerage services company. It is made up of a wholesale energy brokerage group, a retail energy group, and an alternative investment group.

13. During several periods of employment (from March 2011 through September 2011, and February 2012 through September 2012), Plaintiff worked for Defendant in an administrative support function, doing secretarial work, including filing, organizing paperwork, running errands, and attending company functions at management's request.

14. During the relevant time frames described above, Plaintiff was paid a fixed salary with no additional compensation for overtime worked during the relevant time period.

15. During the relevant time frame described above, Plaintiff worked, on average, 54 hours per work week. Plaintiff was a non-exempt employee as defined by the FLSA who did not in any way provide managerial type services for Defendant.

16. Defendant misclassified Plaintiff as an exempt employee and failed to compensate her for overtime hours worked at the FLSA mandated overtime premium rate. Defendant's conduct was knowing and intentional.

17. Defendant's illegal pattern and practice with respect to overtime compensation for Plaintiff, and other administrative staff, was in violation of the FLSA. Defendant knew or should have known that its policies and practices

violated the FLSA, and Defendant did not make a good faith effort to comply with the FLSA. Instead, as set forth above, Defendant knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice.

## VIOLATION OF 29 U.S.C. § 207

18. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

19. Defendant's practice of failing to pay Plaintiff and others similarly situated time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

20. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

## VIOLATION OF 29 U.S.C § 211(C)

21. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

22. Defendant failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

23. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a) The time of day and day of week on which the employees' work week begins;

b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e) The hours worked each workday and total hours worked each workweek;

f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i) The dates, amounts, and nature of the items which make up the total additions and deductions;

j) The total wages paid each pay period; and

k) The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

24. Defendant has not complied with federal law and has failed to maintain such records with respect to the Plaintiff and others similarly situated. Because Defendant's records are inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## DAMAGES SOUGHT

25. Plaintiff is entitled to recover her unpaid overtime compensation at the federally mandated premium rate.

26. Plaintiff is also entitled to an amount equal to all of her unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

27. Plaintiff is also entitled to recover her attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

28. Plaintiff hereby demands trial by jury.

## PRAYER

29. For these reasons, Plaintiff respectfully request that judgment be entered in her and others similarly situated favor awarding them the following relief:

   a. overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;
   b. an equal amount as liquidated damages as allowed under the FLSA;
   c. reasonable attorneys' fees, costs, and expenses of this action; and
   d. such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

By: _____
Martin A. Shellist
State Bar No. 00786487
Federal ID No. 16456
ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993